**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Cliffina E. JOHNSON, Defendant— Appellant.**

No. 01–10273.

D.C. No. CR–99–20092–RMW.

United States Court of Appeals, Ninth Circuit.

Submitted April 9, 2002 *.

Decided May 10, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, B. FLETCHER and KOZINSKI, Circuit Judges.

## MEMORANDUM **

To succeed in her entrapment claim, Johnson must "persuade us that, viewing the evidence in the light most favorable to the government, no reasonable jury could have found in favor of the government as to inducement or lack of predisposition." *United States v. Poehlman*, 217 F.3d 692, 698 (9th Cir.2000).

Agent Walker's requests that Johnson arrange meetings between him and Shirley do not rise to inducement, because they did not "go[ ] beyond providing an ordinary opportunity to commit a crime." *Id.* at 701 (internal quotation marks omitted). Nor does Walker's description of the adverse consequences that could befall Shirley if he were audited constitute inducement, because the audit would not have affected Johnson. Walker's conduct therefore did not "creat[e] a substantial risk that an otherwise law-abiding citizen would commit an offense." *United States v. Davis*, 36 F.3d 1424, 1430 (9th Cir.1994).

The evidence also supports a finding that Johnson was predisposed to commit bribery. Walker testified that Johnson bragged to him about charging taxpayers for free services and that Johnson was the first to hint at a possibility of a bribe from

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Shirley. A reasonable jury could conclude from "the fact that the initial suggestion of bribery came from [Johnson that] she was predisposed to commit the crime." *United States v. Hsieh Hui Mei Chen*, 754 F.2d 817, 822 (9th Cir.1985).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Circuit Rule 36–3.