**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-16990 |
| Plaintiff - Appellee, | D.C. Nos. 5:04-cv-03340-RMW |
| | 5:99-cr-20092-RMW |
| v. | |
| CLIFFINA E. JOHNSON, | MEMORANDUM [*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-16991 |
| Plaintiff - Appellee, | D.C. Nos. 5:06-cv-06276-RMW |
| | 5:99-cr-20092-RMW |
| v. | |
| FREDERICK L. SHIRLEY, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Argued and Submitted December 7, 2009
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SCHROEDER, CALLAHAN, and LUCERO,[**] Circuit Judges.

This is a consolidated appeal from the district court's denial of Cliffina Johnson's and Frederick Shirley's 28 U.S.C. § 2255 motions to vacate their convictions for conspiracy to bribe a public official and bribery of a public official. Johnson and Shirley argue they are entitled to a new trial on the basis of their discovery, more than three years after they had been convicted and sentenced, that the government's key witness, Clarence Walker, had been indicted on criminal charges unrelated to Johnson's and Shirley's crimes. The district court denied relief, concluding Walker's own knowledge of his criminal activities could not be attributed to the government at the time of trial. It ruled this information was not material and would not have affected the result. We review the district court's denial of a § 2255 motion de novo. *United States v. Gamba*, 541 F.3d 895, 898 (9th Cir. 2008). The district court did not err, and we affirm.

There was no due process violation at the time of trial under *Brady v. Maryland*, 373 U.S. 83 (1963), or *Napue v. Illinois*, 360 U.S. 264 (1959), because Walker's own knowledge of his criminal conduct and the alleged falsity of his testimony cannot be attributed to the government. Walker was not a law

---

[**] The Honorable Carlos F. Lucero, U.S. Circuit Judge for the Tenth Circuit, sitting by designation.

enforcement officer or a member of the prosecution team; rather, he was a civilian cooperating witness. *See United States v. Endicott*, 869 F.2d 452, 455-56 (9th Cir. 1989); *United States v. Butler*, 567 F.2d 885, 891 (9th Cir. 1978) (per curiam).

There was also no post-trial violation of *Brady*, even assuming *Brady* applies to the government's nondisclosure of impeachment evidence discovered after trial. Under *Brady*, "favorable evidence is material, and constitutional error results from its suppression by the government, 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). There is no "reasonable probability" that a trial of Johnson and Shirley with the new information about Walker's criminal activities would have produced a different result. At the time the government learned of these activities, Walker had not been convicted – much less charged – of any crime and did not know he was under investigation. Therefore, if Johnson and Shirley had been able to ask him about his criminal activities on cross-examination, Walker could have denied his guilt or invoked his Fifth Amendment privilege against self-incrimination. Johnson and Shirley would not have been allowed to use extrinsic evidence to prove them. *See* Fed. R. Evid. 608(b).

3

Even if Johnson and Shirley could have succeeded in impeaching Walker with other crimes, in an effort to show the defendants were induced to commit these crimes, the district court correctly ruled it could have made little difference. Phone calls between Walker and Johnson were recorded and they, along with Johnson's statements to federal agents after her arrest, demonstrate that Johnson set up the bribery arrangement. Recorded conversations between Walker and Shirley establish Shirley was predisposed to the bribery scheme. Neither was induced to participate. *See United States v. Johnson*, 34 Fed. App'x 381 (9th Cir. Apr. 9, 2002) (unpublished mem. disp.). Therefore, there is no reasonable probability that the impeachment of Walker, even if it could have been accomplished, would have produced a different result. Under the *Brady* standard or the standard for granting a new trial motion to determine the materiality of the government's nondisclosure of Walker's criminal activities, Johnson and Shirley are not entitled to relief.

AFFIRMED.